Green, executrix, *vs.* Frank.

---

## GREEN, executrix, *vs.* FRANK.

1. In order for a settlement of admitted usury to be conclusive by way of accord and satisfaction, it must not leave the debtor in *vinculis* to the creditor. If the apparent object be to purge out the usury, and make new notes for principal and lawful interest only, a failure, unexplained, to purge it all out leaves the debt still tainted, and usury previously paid, whether on the same loan or a prior one, will be a defense *pro tanto* against the new notes. It does not appear from the record that the plea came too late.

2. Where the court has fixed no time for filing an auditor's report, the report may be filed at any time before the trial. If necessary, a continuance will be granted to afford time for excepting, and preparing to try the exceptions.

3. It would seem that the auditor's fees in a case at law are to be paid as costs by the party cast. But taxing them equally against each party is not cause for a new trial.

Interest and usury. Contracts. Auditor. Costs. Before Judge HILLYER. Fulton Superior Court. October Term, 1879.

On October 9, 1866, Mrs. Frank borrowed from Fisk $1,000.00 for four months, at five per cent. per month, giving her promissory note for the principal, and four notes of $50.00 each, due successive months, for the interest. On the 26th of the same month she borrowed a like amount at the same rate of interest, giving a note for the principal, but when it was payable, and how the agreement for interest was evidenced, does not appear. The first note for $1,000.00, and the four interest notes, were paid at maturity. On the second note for $1,000.00 interest was regularly paid at the agreed rate up to January 29, 1867. From that date to the 19th of July, 1867, payments were made at various dates, usually in excess of the interest due, so that on the last mentioned day, the note called for $893.70, calculating interest at the agreed rate.

Thus matters stood until May 7, 1869, when the following contract was entered into :

"Whereas heretofore the undersigned, Jane Frank, gave to the undersigned, F M. Fisk, her note of one thousand dollars, to secure which she gave him a mortgage on a lot in the city of Atlanta, on Decatur street. And whereas, a suit is now pending in a court in the city of Richmond, State of Virginia, which was brought by said Fisk against said Frank to recover the contents of said promissory note, and in which said suit a garnishment has been served on the Albermarle Insurance Company, by which the payment of certain money to said Frank has been and is now prevented. And whereas said Frank has heretofore paid to said Fisk certain sums of money as usurious interest, which by said Frank are said to amount to about six hundred and fifty dollars:

"Now, in order to make a full and complete settlement of all the matters hereinbefore mentioned, said Fisk hereby agrees to dismiss said suit so by him brought in Richmond, and to relieve said fund due to said Frank from said garnishment, and he further agrees to reduce said mortgage debt to the sum of one thousand and twenty-five dollars at this date.

"In consideration whereof said Frank hereby releases and satisfies all claim on said Fisk on account of said usury, and accepts this agreement in full discharge thereof; she also gives of this date to said Fisk eleven notes amounting in the aggregate to one thousand and twenty-five dollars, and falling due at intervals of one month until all are due. As said notes become due and are paid the amount so paid is to be credited on said mortgage debt, and when they are all paid the sums so paid on them are to be accepted in payment of the mortgage debt. But this agreement is not in anywise to affect said mortgage lien until the mortgage debt is paid."

The notes provided for in this agreement were given, and four of them paid at maturity. Suits were brought on the remaining seven, each for $100.00, in the justice court. The defendant pleaded as set-off two claims for usury paid, one based on the first loan and the other on the second. The plaintiff replied the above contract. The magistrate rendered judgment for the plaintiff on one of the notes for $56.02 principal, and $2.64 interest, and for the defendant on the others. The cases were carried by appeal to the superior court. In 1873, they were referred to an auditor. On October 3, 1878, the auditor reported, holding the contract of May 7, 1869, no bar to the set-off of usury, and finding for the plaintiff $62.92, with interest from 11th of April, 1870.

In the order of reference no time was fixed for the auditor to report.

To the report the plaintiff excepted on the ground that the amount found was contrary to the evidence, and because the auditor held that the agreement of May 7, 1869, was not a bar to the defense of usury paid prior thereto on notes other than those sued upon.

The last exception was stricken by the court, and the first submitted to a jury. The verdict sustained the report.

Pending the litigation Fisk died, and his executrix, Mrs. Green, was made a party in his stead.

The court ordered that $40.00 be paid to the auditor by the parties to the litigation equally.

The plaintiff moved for a new trial because the verdict was contrary to law and evidence, because the court erred in striking the exception above stated, and in taxing the plaintiff with any part of the fees and costs of the auditor.

The motion was overruled and plaintiff excepted.

The record contains no formal pleas. The defense relied upon, as stated in the above report, is gathered from the auditor's report, the exceptions filed thereto, and the motion for a new trial.

JULIUS L. BROWN, for plaintiff in error, cited, as to costs, Code, §§3675, 4210; 3 *Ga.*, 162; as to settlement of usury, 1 *Ga.*, 392; 54 *Ib.*, 22, 190; 46 *Ib.*, 166; 29 *Ib.*, 42; 32 *Ib.*, 176; Code, §§10, 3444, 4706.

MARSHALL J. CLARKE, for defendant, cited, as to usury, 54 *Ga.*, 15, 95, 190; 1 *Ib.*, 392, 416; 22 *Ib.*, 193; 46 *Ib.*, 166, 196; 48 *Ib.*, 652; 5 Denio, 236; Tyler on Usury, 396. As to compensation of auditor, Code, §§3137–40, 4204, 4210,

BLECKLEY, Justice.

1. Both loans were usurious, and the second was on foot before anything had been paid, or even become due, on the first. The first was paid off in full not earlier than February 9th, 1867, and the suits now in question were commenced on March 1, 1870, which was less than four years after that payment. The time for pleading to these suits was thus necessarily within the statutory period (as the law then stood) within which an action might have been brought to recover back the usury paid upon the first loan. The record here is fragmentary, and several consents of

counsel are in it which seem intended to dispense with completeness. For some reason, the pleas were not brought up; and when they were filed does not appear. Every reasonable presumption going to uphold the correctness of the judgment below is to be made, and there is no strain in presuming that the missing pleas were filed when they ought to have been filed, that is, at the time appointed by summons for the defendant to answer. Certainly the record does not affirmatively show that they came in after a set-off for the paid usury would have been barred by the statute.

It is apparent that the so-called accord and satisfaction amounts to nothing. There was no complete purging of usury out of the second loan, and if any was attempted, there is no explanation of why it failed, and it did fail signally. The debtor was left in *vinculis*, and the taint was left in the debt. And just look at what the creditor gave by way of consideration for the release. He had an action pending in Virginia for the recovery of this identical usurious debt, with a summons of garnishment which locked up some of the debtor's money to satisfy any recovery which might be had in that action. He let go this hold which he had in Virginia, dismissed his suit there, and reduced his debt, not to principal and legal interest, but to less than what it amounted to at the full usurious rate, and took new notes, retaining his mortgage security upon the debtor's property just as it was. The debtor, under pressure, says, "Stop your Virginia process for collecting the debt and all the usury, and I will pay you hereafter the debt and a part of the usury, and release to you now the whole of the usury which I have paid on the prior loan." The bargain was concluded on this basis. To enforce it as a conclusive adjustment by way of accord and satisfaction, would be to settle the principle that the usurer has but to sue twice; compromise the first action by taking a new note, remitting a part of the usury, and then bring his second action and proceed triumphantly to judgment.

2. No time is fixed by statute or by general rules of

court for filing the auditor's report. Where the court omits to appoint some time by special order, the report is not too late, so that it gets in before the trial. Of course, it is desirable to have it early enough to afford full opportunity to except and to prepare, on both sides, for a trial of the exceptions. But a continuance for this purpose, where necessary, may be granted, and if needed should be applied for. .

3. There is no statutory provision for cutting up costs in a case at law as may be done in equity. It would seem that the auditor's fees are costs, and as such, are to be paid by the party cast. But it is obvious that a mistake in this regard is no cause for a new trial. Why should the case itself be tried over because the court has erred in framing the proper judgment on the verdict? Surely the verdict is not vitiated by what is and must be subsequent to it in the order of proceedings. The point as to this action of the court is not otherwise made than as one of the grounds of the motion for a new trial, and the only error assigned in the bill of exceptions is upon overruling that motion. There was no error in refusing a new trial.

Judgment affirmed.